Michael B. Eisenberg, Esq. (State Bar No. 178308)
Joseph S. Socher, Esq. (State Bar No. 241344)
EISENBERG & ASSOCIATES
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
(213) 201-9331 - Telephone
(213) 382 4083 - Facsimile

Attorneys for Plaintiffs,
TRINIDAD ORTIZ, JOSE SALAZAR,
PETER VARGAS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| TRINIDAD ORTIZ QUINTANA, JOSE SALAZAR, PETER VARGAS, ) <br><br> Plaintiffs, ) <br><br> vs. ) <br><br> CGPM/WMC OPERATING, LLC, et al, ) <br><br> Defendants. ) | Case No. 5:13-cv-02389-AG-JEM <br> *Hon. Andrew J. Guilford* <br><br> **Plaintiff's Opposition to Defendants' Motion for Summary Judgment/ Adjudication** <br><br> Date:        December 8, 2014 <br> Time:        10:00 a.m. <br> Dept.:        10D |

# **Table of Contents**

I.   Introduction                                                                                1

II.  Standards on Summary Judgment                                                              2

    A.   If Any Material Issue of Fact Remains in Dispute the Court
        MUST Deny a Motion for Summary Judgment                                     2

    B.   The Court Must View the Evidence in the Light Most Favorable
        to the Plaintiff                                                            3

    C.   Competing Inferences Create Genuine Issues for Trial                       3

    D.   "Minimal" Evidence that the Defendants' Proffered Reasons
        for Termination are Pretextual Defeats a Motion for
        Summary Judgment                                                           4

III. Evidence of Numerous Employees Significantly Younger Than the
    Plaintiffs Supports a Prima Facie Case of Age Discrimination                   5

    A.   There is Clear Evidence that a Group of Younger Employees
        Continued to Work in Department After Plaintiffs'
        Purported "Lay-Off"                                                        6

    B.   The Decision-Makers Had Knowledge of the Plaintiffs' Ages                 8

IV.  Plaintiffs Can Show That the Alleged Reasons for Their Lay-Off and
    Defendants' Failure to Rehire Them Are Pretexts                                9

    A.   Pretext Evidence #1:  Defendants' Mid-Litigation Claim That
        Plaintiffs Were Selected For Layoff, Not Due to Age, But
        Because "It Was Their Turn for Layoff" is False Since Plaintiffs
        Were Laid Off in the Last Layoff.                                          10

    B.   Pretext Evidence #2: Within Months After "Laying Off" The
        Plaintiffs, Defendants Hired New, Significantly Younger, Less
        Experienced Employees as Laborers in the Maintenance Department            11

    C.   Pretext Evidence #3: The Pattern of New Hires and Promotions
        in 2012 and 2013 Rebuts the "Layoff" Defense and Supports an
        Inference of Discrimination                                                13

V.   Whether Plaintiffs Themselves Had Direct Knowledge of All Facts
    Supporting Their Case is Irrelevant                                            15

VI.  The Issue of Punitive Damages Cannot be Summarily Adjudicated             16

VII. Conclusion                                                                  17

# **Table of Authorities**

## Cases

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)                                3, 17

*Amey, Inc. v. Gulf Abstract & Title, Inc.* 758 F2d 1486 (11th Cir. 1985)         3, 17

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (U.S. 1986)                       3, 17

*Bogle v. McClure* 332 F.3d 1347 (11th Cir. 2003)                                 17

*Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000)                       5

*Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201 (9th Cir. 2008)           2, 5, 8, 12

*Douglas v. Anderson* (9th Cir. 1981), 656 F.2d 528                               4, 5

*Ewing v. Gill Industries* 3 Cal. App. 4th 601 (1992)                            5, 6

*Lake Nacimiento Ranch Co. V. San Luis Obispo County* 841 F2d 872,
875 (9th Cir. 1987)                                                               3, 17

*Loeb v. Textron* 600 F. 2d 1003, 1013 fn. 9 (1st. Cir. 1979)                     8

*Major v. Western Home Ins. Co.* 169 Cal.App.4th 1197 (2009)                      17

*McGinest v. GTE Serv. Corp.*, 360 F.3d 1103 (9th Cir. 2004)                      5, 9

*Nicholson v. Hyannis Air Service, Inc.* 580 F.3d 1116 (9th Cir. 2009)           4, 9

*Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, (2d Cir. 1980)        2

*Reeves v. Sanderson Plumbing Products, Inc.* 530 U.S. 133 (2000)                 4, 11

*United States v. One Tintoretto Painting* 691 F2d 603 (2d Cir. 1982)             3

*Villa v. McFerren* 35 Cal.App.733 (1995)                                         11

*Zhang v. Am. Gem Seafoods, Inc.* 339 F.3d 1020 (9th Cir. 2003)                   16

## Statutes

Federal Rules of Civil Procedure (FRCP) 56(c)                                     2, 15

Federal Civil Procedure Before Trial,' (The Rutter Group 2002), 14-67            3, 17

## I.    Introduction

The three Plaintiffs in this case, Mr. Salazar, Mr. Vargas and Mr. Ortiz, have worked tirelessly for Defendants for many, many years as gardening laborers. For the most part, they are very simple men with minimal education and two of them do not even know how to read or write.  Plaintiffs' Separate Statement, Additional Facts ("PF") 1, 2, 3.

Plaintiff, Jose Salazar, began working at the golf course in approximately 1999.[1]  PF 2. He was born in a hut in a rural area of Mexico in 1951 (making him 63 years old). PF 2.  Plaintiff, Pedro Vargas, began working there in 1989 and was born in 1960 (making him 54). PF 3.  Finally, Plaintiff, Trinidad Quintana Ortiz, began working at the Terra Lago golf course in 2006. PF 1.  He was born in 1955 in Mexico (making him 59).  PF 1.

All three men worked as laborers in the maintenance department performing such varied duties as cutting the grass, tending sand traps, general gardening and cleaning of the grounds, and even cleaning bathrooms.  PF 4. These are the same duties performed by all laborers in the maintenance department.  PF 5, 21.

Toward the end of their employment, Defendants began having seasonal lay-offs.  Plaintiffs were laid-off for the summers of 2009 and 2010, along with some other employees in the department.  PF 6. In 2011 there were no seasonal lay-offs at the golf course.   PF 7.

In 2012, however, the three Plaintiffs were the *only* individuals laid-off for the summer of that year.  PF 8.  As in previous years, they were told that they

---

[1]Although Defendants state that they were hired in 2005, Plaintiffs Salazar and Vargas had actually worked there under prior ownership and continued to work there once Defendants took over the management of the golf course.

should contact Defendants in the fall to get rehired.  PF 9.  They began contacting Defendants at the start of planting season in Fall 2012 to try to get their jobs back, but eventually found out that **new, younger, employees** had been hired instead of the Plaintiffs and that they would not be getting their jobs back.  PF 10, 11.  In fact, out of the 4 new hires made during 2012 and 2013, 2 were born in 1993 and one was born in 1971 (making two of them only 19 years old and the third, about 20 years younger than two of the Plaintiffs).  PF 22.

As the new hires were significantly younger than the Plaintiffs and as the Plaintiffs were among the oldest laborers in the maintenance department, the Plaintiff realized that this "lay-off" was a classic case of age discrimination and this lawsuit soon followed.

## II.   Standards on Summary Judgment

As explained in greater detail below, "as a general matter, the plaintiff in an employment discrimination action need produce **very little evidence** to overcome an employer's motion for summary judgment." *Diaz v. Eagle Produce Ltd. Partnership*, (9th Cir. 2008) 521 F.3d 1201, 1207 (emphasis added).

### A.   If Any Material Issue of Fact Remains in Dispute the Court MUST Deny a Motion for Summary Judgment

The law is clear that a summary judgment motion shall be granted **only** if all the papers submitted show that there is **no** triable issue as to "any material fact" and that the moving party is entitled to a judgment as a matter of law.  Federal Rules of Civil Procedure (FRCP) 56(c).  If *any* triable issue of fact remains as to any cause of action, the court must deny the motion.  *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980).

Further, "[t]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine *whether there is a genuine issue for trial*." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (U.S. 1986)(emphasis added).  The court's function on summary judgment is "issue-finding, not issue-resolution."  *United States v. One Tintoretto Painting* 691 F2d 603, 606 (2d Cir. 1982).

**B.    The Court Must View the Evidence in the Light Most Favorable to the Plaintiff**

Furthermore, when deciding a motion for summary judgment , the court must strictly construe the evidence of the moving party and liberally construe opposing party's evidence.  "The evidence of the non-movant is to be believed and *all justifiable inferences are to be drawn in its favor*."  *Anderson v. Liberty Lobby, Inc., supra*, at 255 (emphasis added).

**C.    Competing Inferences Create Genuine Issues for Trial**

Furthermore, even where the basic facts of a case are not in dispute, "*if reasonable minds could differ* on the inferences to be drawn from those facts, summary judgment should be denied."  Schwartzer, et al., 'Federal Civil Procedure Before Trial,' (The Rutter Group 2002), 14-67 (emphasis in original), citing: *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Lake Nacimiento Ranch Co. V. San Luis Obispo County* 841 F2d 872, 875 (9th Cir. 1987); *Amey, Inc. v. Gulf Abstract & Title, Inc.* 758 F2d 1486, 1502 (11th Cir. 1985).

///

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment

1
2

**D.    "Minimal" Evidence that the Defendants' Proffered Reasons for Termination are Pretextual Defeats a Motion for Summary Judgment**

3
4
5
6
7

Cases of age discrimination in violation of FEHA follow the *McDonnell Douglas* framework which calls on the defendants to counter appellant's prima facie case by proffering evidence of a legitimate non-discriminatory reason for the termination.  Appellant then must produce evidence that the proffered reasons for termination are mere pretext.

8
9
10
11
12

Once a plaintiff presents evidence that the employer's proffered reasons for termination are mere pretexts, that in itself constitutes evidence of discrimination and provides the basis for denying a defendants' motion for summary judgement. *Reeves v. Sanderson Plumbing Products, Inc.* (2000) 530 U.S. 133.

13

As  the Supreme Court explained:

14
15
16

> In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discrimination purpose. Such an inference in consistent with the general principle of evidence law that the fact finder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt."  *Reeves* at 147-148.

17
18
19
20
21
22
23
24

The *Reeves* Court also noted that "once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for termination." *Id.*  The Ninth Circuit, in applying this rule, recently explained that when the plaintiff has presented a prima facie case, "the plaintiff must only demonstrate that there is a genuine issue of material fact regarding pretext." *Nicholson v. Hyannis Air Service*, Inc. (9th Cir. 2009) 580 F.3d 1116,1127.  The amount of evidence required to meet this burden is "minimal." *Id.*

25

///

26
27
28

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment

Furthermore,

> "[w]here the evidence, direct or circumstantial consists of more than the *McDonnell Douglas* presumption, a factual question will almost always exist with respect to any claim of a non-discriminatory reason." *Id.; quoting, McGinest v. GTE Serv. Corp.,* (9th Cir. 2004) 360 F.3d 1103, 1124.

## III.   Evidence of Numerous Employees Significantly Younger Than the Plaintiffs Supports a Prima Facie Case of Age Discrimination

As described above, the first stage of analysis in an MSJ involving allegations of employment discrimination is presenting a prima facie case of discrimination.  In presenting the prima facie case, the employee's burden of presenting evidence of supporting an inference of discrimination **"is  not an onerous one."**  *Id.* at 1003.

In age discrimination cases involving an alleged lay-off, courts have set forth the basics of the prima facie as follows:

1.   At the time of the adverse action he was 40 years of age or older;

2.   An adverse employment action was taken against the employee;

3.   At the time of the adverse action the employee was satisfactorily performing his or her job; and

4.   Younger employees were retained and/or other circumstances suggest age discrimination.

*Ewing v. Gill Industries* (1992) 3 Cal. App. 4th 601, 612; *Diaz v. Eagle Produce, Ltd.*(9th Cir. 2008), 521 F.3d 1201, 1208, *citing, Coleman v. Quaker Oats Co.*(9th Cir. 2000), 232 F.3d 1271, 1281.

In reduction-in-force cases, there is obviously no need to show that the plaintiff was replaced by a younger employee.  Rather, what is at issue is that the plaintiff was illegally *selected for lay-off* on account of his age.  *Douglas v.*

*Anderson* (9th Cir. 1981), 656 F.2d 528, 532 ("it makes no sense" to require evidence of replacement by a younger employee in reduction in force cases since what is at issue is whether the employee has been "selected for discharge in a discriminatory manner.")  In such cases, circumstances indicating age discrimination include evidence that "the employer had a  continuing need for [the employees'] skills and services in that their various duties were still being performed or by showing that others not in their protected class were treated more favorably." *Diaz, id.* (internal quotes and ellipses omitted); *see also, Ewing, id.* (prima facie case presented when duties were assigned to younger workers in reduction-in-force case.)

In *Diaz*, the court found that the plaintiffs did not have to identify particular younger employees as having taken over their duties. *Diaz, id.* at 1211.  Rather, it was enough that "a group of younger and comparably or less-qualified employees" took over the plaintiff's duties.  *Id.*   Based on the foregoing, it is **clear** that the plaintiff has presented a prima facie case of age discrimination.

### A.  There is Clear Evidence that a Group of Younger Employees Continued to Work in Department After Plaintiffs' Purported "Lay-Off"

It is undisputed that each of the plaintiffs was over the age of 40.  (Factor 1.)  It is undisputed that each of the plaintiffs was terminated.  (Factor 2.)  It is undisputed that each of the plaintiffs was performing his job satisfactorily.  (Factor 3.)  Furthermore, there are clearly younger employees working in the maintenance department in equivalent or similar positions at the time of the lay-off in May 2012 who were *not* laid off (Factor 4.)

///

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment

These younger workers include the following 9 individuals, all of whom were younger than *all three* plaintiffs and some of whom were newly hired that year:

| Employee name | Year of Birth |
| --- | --- |
| Aurelio De La Trinidad | 1963 |
| Ambrosio Lira | 1974 |
| Antonio Sixtos | 1988 |
| Hector Hernandez Ramirez | 1980 |
| Omar Reyes Dominguez | 1983 |
| Roman Zendejas | 1990 |
| Esteban Moreno | 1992 |
| Ramiro Mendez | 1993 |
| Gaspar Perez | 1971 |

PF 12; *see,* Defendants' Exhibit K, pp. 195-196.  All three plaintiffs were older than all but 4 of the remaining employees who were not laid off that year.  *Id.*  Furthermore, most of these individuals are 15 - 20 years *younger* than all 3 plaintiffs.

In addition, it is especially noteworthy that the youngest employees, Esteban Moreno (DOB 1992) and Ramiro Mendez (DOB 1993), were **30+ years younger** than all three plaintiffs and were both **among the newest hires** at that time. PF 13.  Moreno and Mendez had each had worked in the maintenance department for only approximately 6 months.  PF 13.

The mere fact that a few other older individual employees were retained does not change the fact that the ***overwhelming majority*** of those who were not laid were significantly *younger* than the plaintiffs.  Nor does not it change the fact

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment

that the three plaintiffs were the only employees laid off that year and each of them was age 52 or older at the time of the lay-off.  Indeed, retaining a few older employees may even be viewed as a tactic to "ward off" a potential discrimination suit.  *See, Loeb v. Textron* (1st. Cir. 1979) 600 F. 2d 1003, 1013 fn. 9. Furthermore, there has been testimony that two of these older individuals, Francisco Sanchez and Pedro Canseco Garcia, had only limited duties at the golf course. PF 24.

Based on the above facts, the plaintiffs have clearly presented facts supporting showing that Plaintiff's were older than 9 out of the 13 remaining employees and have therefore presented a prima facie case of age discrimination.

### B.    The Decision-Makers Had Knowledge of the Plaintiffs' Ages

Defendants attempt to claim that the decision-makers in this case were not aware of the Plaintiff's ages at the time that the decision was made to lay them off. However, this is simply not credible.

First, *the age of each and every employee is readily available in their personnel files* - as evidenced by the fact that Defendants were able to produce a full table of each employee in the department with this information gleaned from the files.  *See,* Defendants' Exhibit K, pp. 195-196.  Defendants were therefore well aware of each individual's age and such information was available to all decision-makers.

Furthermore, Jose Dismaya worked directly with the plaintiffs and the other maintenance employees and therefore was well aware of which employees were older than others.  PF 14; *see, Diaz v. Eagle Produce, Ltd.*(9th Cir. 2008), 521 F.3d 1201, 1210 (allowing inference that an individual involved in the decision "must have possessed a general sense that these individuals were relatively

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment

advanced in age because he personally observed them at the farm on a regular basis.")  And Jose Dismaya was intimately involved in the selection of employees for lay-off each and every year.  PF 15.  Thus, Defendants cannot isolate themselves by claiming ignorance of the ages of their own employees when the information was clearly collected by them and retained in the personnel records and when Jose Dismaya, who worked with all of the maintenance employees on a daily basis and knew surely knew their relative ages, was involved in the selection for lay-off.

**IV.    Plaintiffs Can Show That the Alleged Reasons for Their Lay-Off and Defendants' Failure to Rehire Them Are Pretexts**

As described above, once a prima facie case of discrimination has been made, only a *small* amount of evidence of pretext is needed to defeat summary judgment.  *Nicholson v. Hyannis Air Service*, Inc. (9th Cir. 2009) 580 F.3d 1116,1127; *McGinest v. GTE Serv. Corp.,* (9th Cir. 2004) 360 F.3d 1103, 1124.  As set forth below, Plaintiffs will present three separate bases for arguing that the explanations provided by Defendants in this case for Plaintiffs' selection for "lay-off" and Defendants' failure to rehire them following lay-off are clear pretexts used to disguise the fact that age was a factor in their decisions.

As such, since evidence is being presented herein to rebut their termination reason on *three* separate and independent grounds, this instant motion for summary judgment must be denied.

///

**A.   Pretext Evidence #1:  Defendants' Mid-Litigation Claim That Plaintiffs Were Selected For Layoff, Not Due to Age, But Because "It Was Their Turn for Layoff" is False Since Plaintiffs Were Laid Off in the Last Layoff.**

Plaintiffs claim that they were selected for layoff due to their age. Defendant states that this is not correct; rather that Plaintiffs were selected for the 2012 layoff since it was their "turn" for layoff since they had not been laid-off in 2011.

Supposedly, in 2011, Defendants had come up with a new plan to rotate the seasonal lay-off among their employees and Plaintiff, who had not been laid-off in 2011 were due to be laid-off in summer 2012.  *See,* Defendants' Alleged Undisputed Facts 7, 8, 9.  They state that Plaintiffs were laid off in June 2012 "**solely** because it was their turn... as they had worked through the 2011 off-season." Defendants' Alleged Undisputed Fact 9.

However, it is hard to believe that a decision was made in 2011 to alternate between groups of laid-off employees, as Defendants claim, since *there were no seasonal lay-offs at all in 2011*!  PF 7, 16.

One individual (Luis Maldonado Gutierez) was permanently laid-off that year when his position was eliminated.  PF 16.  Six others voluntarily left their positions and one was fired as a no-call/no-show.  PF 16.  These 8 terminations account for all of the terminations in the department listed for that year.  Further, although Defendants attempt to claim that Pablo Allatorre was a 2011 seasonal lay-off who was rehired in December 2011 (Defendants' Points and Authorities, p. 5-6.), the fact is that Allatore had voluntarily resigned due to family reasons.  PF 17.

If there were no seasonal lay-offs at all in 2011, it makes no sense to claim, as Defendants do, that a decision to alternate between groups of laid-off

10.

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment

employees was made "for the 2011 off-season."  Furthermore, since there were no seasonal lay-offs at all in 2011, in what sense can it be that it was Plaintiffs' "turn" in lay-off rotation?

And the last seasonal lay-offs were in 2010 and the Plaintiffs *were* included in those layoffs!  PF 6.

The fact that there is no documentation of this alleged "rotation plan" only further supports the conclusion that his whole idea of a "lay-off rotation" is an after-the-fact, mid-litigation, fabricated attempt to explain Plaintiffs' selection for lay-off.  And this is the *very* definition of a false pretext that supports the conclusion that "the employer is dissembling to cover up a discrimination purpose" and the true reason is discrimination.  *Reeves v. Sanderson Plumbing Products, Inc.* (2000) 530 U.S. 133, 147-48.

The summary judgment motion must be denied on this point alone.

   **B.**   **Pretext Evidence #2: Within Months After "Laying Off" The Plaintiffs, Defendants Hired New, Significantly Younger, Less Experienced Employees as Laborers in the Maintenance Department**

A "lay off" is defined as "the temporary or permanent removal of a worker from his or her job, usually because of cutbacks in production or corporate reorganization."  (Dictionary.com)  All people in the employment law world understand a layoff happens when a company loses a contract and thousands lose their jobs or when a company goes bankrupt or something of that nature.

When a company claims, under penalty of perjury, that employees are "laid off;" and then, within about 90 days, hires brand-spankin'-new, significantly younger employees are hired to do the same job duties of the purportedly laid-off position, it pops a significant hole in the "layoff lifeboat" litigation defense.

Defendants contend that because no one was hired to "replace" the Plaintiffs, there is no basis to claim discrimination based on their refusal to rehire Plaintiffs after they were laid-off.

First, in a case alleging discrimination in the selection for lay-off, there is no need to show that the plaintiff was 'replaced' with a younger individual. *Diaz v. Eagle Produce, Ltd.*(9th Cir. 2008), 521 F.3d 1201, 1211.

Furthermore, Defendants neglect to mention that there *were* openings in the department that arose *after* the Plaintiffs were "laid off" and *after* the Plaintiffs had asked to be rehired. PF 18, 19. Not one of these older Plaintiffs were offered any of those openings in the same department. PF 20.

There were two openings for laborers in the maintenance department during the 2012 -2013 winter season - the same time period in which the Plaintiffs were attempting to return to work in the department. PF 18. However, instead of offering these laborer positions to any of the Plaintiffs, they decided to hire two younger individuals instead, one of whom was 19 years old. PF 19.

The only explanation Defendants gave as to why the jobs could not have been given to any of the Plaintiffs was because all of them would be "overqualified" for the positions and would be reluctant to take the positions for lower pay. PF 20. However, this ignores the fact that because Defendants had failed to rehire them at all the likely alternative was either unemployment or lower pay in any case.

Furthermore, the idea put forth by Defendants that an "entry-level" laborer position is a "different position" from that of a "laborer" is also not credible. This is shown by the fact that Defendants have stated in written discovery responses

12.
Plaintiffs' Opposition to Defendants' Motion for Summary Judgment

that the duties of Plaintiff were **essentially equivalent** to those of all other laborers in the department and that their duties were performed by all such employees after their lay-off.  PF 21.  In fact, the only discernible difference between Plaintiffs and the "entry-level" laborers is the level of experience and the pay rate.

Furthermore the whole claim about "entry level" positions further supports an inference of discrimination.  By making this claim, Defendants essentially admit that they hired *younger* employees who were *less* qualified than the Plaintiffs for basically equivalent laborer positions that became open during the *same season* in which they refused to rehire the Plaintiffs.  These facts clearly support a conclusion that Defendants preferred hiring younger, less qualified, employees over re-hiring the Plaintiffs and therefore supports the conclusion that the failure to rehire was due to age discrimination.

This independent evidence of pretext is again enough to deny the motion for summary judgment.

**C.**   **Pretext Evidence #3: The Pattern of New Hires and Promotions in 2012 and 2013 Rebuts the "Layoff" Defense and Supports an Inference of Discrimination**

In addition to the above facts, a review of the new hires and promotions in 2012 and 2013 further shows that Defendants were favoring younger applicants and employees during the time that the Plaintiffs were "laid-off" and while the Plaintiffs attempted to get rehired.

As defendants admit, during the winter season of 2012 - 2013, when the Plaintiffs were attempting to get rehired by the company Defendants made several personnel decisions indicating a preference for younger employees.

First, they *promoted* a 24 year-old *"entry-level"* laborer, Antonio Sixtos, to

13.

the position of "Spray Technician."  PF 22; *see*, Defendants' Points and Authorities, p. 9.  As described above, Plaintiffs, because of their years of experience at the golf course, were considered to have greater qualifications compared to "entry-level" laborers and, as such, were *at least* as qualified as Sixtos.  Nevertheless, not one of the older Plaintiffs were given the opportunity to apply for this position, which opened during the winter 2012 - 2013 season - i.e., the same time period when the Plaintiffs were attempting to return to work.  PF 20.

Moreover a look at the new hires over the period of time from 2012 - 2013 shows a clear preference for younger employees.  Two out four employees hired during that period were born in 1993 and one was born in 1971.  PF 23. There was one other laborer hired during that period of time, but his employment lasted only one month, while the other, younger employees all worked for significant periods of time.

This pattern of hires and promotions only further supports the conclusion that Defendants favored younger employees in the maintenance department during the relevant time period of Plaintiffs' layoff and attempt to return to work.

As such, it is clear that the Plaintiffs have presented far more than the "minimal" amount of evidence of pretext required to defeat summary judgment and, this evidence independently as well, should support enough pretext evidence to justify a denial of this motion.

///

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment

## V.   Whether Plaintiffs Themselves Had Direct Knowledge of All Facts Supporting Their Case is Irrelevant

Defendants make the bold assertion that since these illiterate Plaintiffs (one of whom was born in a hut) did not provide deposition testimony articulating their former employer's discriminatory hiring practices, patterns of hiring and firing and weaving those into a complex and persuasive legal argument to demonstrate pretext under FEHA standards, that somehow, someway, they should have their case dismissed.  And even though the evidence clearly suggests at least three reasons why the "layoff" defense is not credible.

The Plaintiffs herein are very sweet, simple men.  They are extremely unsophisticated agricultural laborers.  They are not human resources experts or experienced employment lawyers in *pro per*.  Two of them are illiterate in Spanish and English.

The specific amount of *personal knowledge* that these Plaintiffs have of the facts supporting their claims of discrimination is totally irrelevant to a determination of whether facts and evidence uncovered in the course of discovery and investigation support the claims asserted.

Plaintiffs have adduced numerous facts, based on admissible evidence, that support a very strong inference that these older employees were discriminated against on the basis of their age in their lay-off and in the failure by Defendants to rehire them after their lay-off.  Plaintiffs will be able to present these facts at trial and whether they have personal knowledge of such facts will have no relevance to the determination of the issues then.

As is made clear by Rule 56, a decision on summary judgment is to be based on "materials in the record," i.e., appropriate testimony, declarations and evidence. FRCP 56(c).  It is not to be granted simply because unsophisticated parties lack

15.

personal knowledge of the personnel practices and patterns of the Defendants, including events that occurred after their termination. This is especially the case where there is no reasonable likelihood that the Plaintiffs would have personal knowledge of such facts. Indeed, it has been held that a plaintiff's unawareness of facts to support his claim does *not* support a defendants' MSJ where those facts are not likely to have been known to the plaintiff. *Villa v. McFerren* (1995) 35 Cal.App.733, 749.

As such, the personal knowledge (or lack thereof) of the Plaintiffs of all of the facts set forth above is of no relevance to the determination of this motion.

## VI.   The Issue of Punitive Damages Cannot be Summarily Adjudicated

This case alleges that the Defendants intentionally discriminated against Plaintiffs due to their age. The Ninth Circuit has stated: "in general, intentional discrimination is enough to establish punitive damages liability." *Zhang v. Am. Gem Seafoods, Inc*. (9th Cir. 2003) 339 F.3d 1020, 1041 (internal quotes omitted.)

Furthermore "intentional discrimination is... a serious affront to personal liberty." *Id.* at 1043. As such, when discussing if the plaintiff in *Zhang* had presented sufficient evidence at trial to support a finding of punitive damages, the court stated that "[r]eview of the sufficiency of the evidence to support punitive damages would thus be **nearly identical** to substantial evidence review for liability for discrimination." *Id.* at 1041 (emphasis added.)

Accordingly, once the court decides that there is sufficient evidence of intentional discrimination to allow the case to be presented to the finder of fact, it must also allow the finder of fact to decide if punitive damages are warranted.

In the context of punitive damages, "malice" simply means that the discrimination was "carried on by the defendant with a willful and conscious

16.

Plaintiffs' Opposition to Defendants' Motion for Summary Judgment

disregard of the rights" of the Plaintiff with knowledge that such actions will harm the Plaintiff.  Cal. Civil Code 3294; *Major v. Western Home Ins. Co.* (2009) 169 Cal.App.4th 1197, 1225.  Intentional discrimination leading to termination certainly meets that standard.

In addition, the use of "trickery and deceit" in concocting a false pretext to cover up discriminatory employment actions has also been identified as a factor supporting a finding of punitive damages.  *See*, *Bogle v. McClure* (11th Cir. 2003) 332 F.3d 1347, 1361.  Given the substantial amount of evidence of pretext in this case, this reasoning would be equally applicable here.

Based on the foregoing, it is clear that the issue of punitive damages in this case cannot be summarily adjudicated.

## VII.  Conclusion

In making a decision on a motion for summary judgment, court must keep in mind that "[t]he evidence of the non-movant is to be believed and *all justifiable inferences are to be drawn in its favor.*"  *Anderson v. Liberty Lobby, Inc., supra*, at 255 (emphasis added).

Furthermore,  "*if reasonable minds could differ* on the inferences to be drawn from [the facts presented], summary judgment should be denied."  Schwartzer, et al., 'Federal Civil Procedure Before Trial,' (The Rutter Group 2002), 14-67 (emphasis in original), citing: *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Lake Nacimiento Ranch Co. V. San Luis Obispo County* 841 F2d 872, 875 (9th Cir. 1987); *Amey, Inc. v. Gulf Abstract & Title, Inc.* 758 F2d 1486, 1502 (11th Cir. 1985).

Based on the foregoing and on the facts and evidence filed in Plaintiffs' opposing papers it is clear that there are sufficient facts to support an inference of

17.

1   age discrimination both in the selection of Plaintiffs for lay-off and the refusal to

2   rehire Plaintiffs after their lay-off and the motion must therefore be denied.

3

4                                          Respectfully submitted,

    DATE: November 24, 2014               EISENBERG & ASSOCIATES
5

6                                          By: _____/s/_____

7                                               Joseph S. Socher
                                                Attorney for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28